UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE MILITARY RELIGIOUS
FREEDOM FOUNDATION,
                              Plaintiff,

v.                                              Case No.

UNITED STATES AIR FORCE
ACADEMY and DEPARTMENT
OF THE AIR FORCE,
                              Defendants.

**COMPLAINT FOR INJUNCTIVE RELIEF AND DISCLOSURE OF DOCUMENTS**

COMES NOW the Plaintiff, The Military Religious Freedom Foundation ("MRFF"), by and through undersigned counsel, and hereby submits this Complaint for Injunctive Relief and Disclosure of Documents pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel the disclosure and release of agency records improperly withheld by Defendants United States Air Force Academy ("USAFA") and the Department of the Air Force ("DAF") and for other appropriate relief.

**JURISDICTION AND VENUE**

1. This Court has both subject matter jurisdiction over this matter and personal jurisdiction over the parties. 5 U.S.C. § 552(a)(4)(B).

2. Venue is proper in the United States District Court for the District of New Mexico. 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3. Plaintiff MRFF is a non-profit organization established in Albuquerque, New Mexico, for the purpose of protecting the religious freedom of all soldiers, sailors, Marines, airmen, midshipmen, cadets, and veterans throughout the United States of America.

4.      Defendant USAFA is a university and Air Force installation, which is subject to the requirements of FOIA.

5.      Defendant DAF is a military department within the Department of Defense, which is subject to the requirements of FOIA pursuant to U.S.C. § 552(f)(1).

## STATEMENT OF FACTS

6.      MRFF filed three requests for information from USAFA, on October 7, 2022, October 21, 2022, and October 25, 2022, pursuant to FOIA.

7.      The October 10, 2022, FOIA request (2023-00085-F) sought the following: "All internal documents or communications, electronic or otherwise, between any USAFA faculty or staff regarding concerns, warnings, and/or objections to the scheduling of the "Commandants Training Day" and/or "Commandant's Challenge" on October 5, 2022, a date which coincided with the Jewish high holy day of Yom Kippur."

8.      The October 21, 2022, FOIA request (2023-00292-F) sought: (A) "Records of all in-person meetings between U.S. Air Force Academy Superintendent Lt Gen. Richard M. Clark and any outside entities, to include representatives of non-profit organizations, religious organizations and churches, and any political or other public figures."; (B) "Records of all in-person meetings between U.S. Air Force Academy Vice Superintendent Col. Benjamin R. Jonsson and any outside entities, to include representatives of non-profit organizations, religious organizations and churches, and any political or other public figures."; (C) "Records of all in-person meetings between previous U.S. Air Force Academy Vice Superintendent Col. Otis Jones and any outside entities, to include representatives of non-profit organizations, religious organizations and churches, and any political or other public figures."; (D) "Records of all in-person meetings between previous U.S. Air Force Academy Vice Superintendent Col. Houston

Cantwell and any outside entities, to include representatives of non-profit organizations, religious organizations and churches, and any political or other public figures."; and (E) All records of any cadet training or instruction on Air Force Instruction 1-1, 'Air Force Standards,' Section 2.12, 'Balance of Free Exercise of Religion and Establishment Clause.'"

9. The October 25, 2022 FOIA request (2023-00347-F) sought the following: "Records of all direction or guidance provided by Superintendent Lt Gen. Richard M. Clark or his deputies to subordinates and organizational units of the United States Air Force Academy concerning verbal, written, or electronic engagement or responses to requests for meetings, information, or conflict resolution from representatives of the Military Religious Freedom Foundation."

10. The requests were submitted electronically and a "Request Acknowledgement" was received from the Air Force FOIA Requester Service Center for each one on the dates they were submitted.

11. On November 15, 2022, MRFF received a "Status Update" e-mail from Charles M. Springs, USAF's Chief FOIA Public Liaison Officer, for case number 2023-00085-F, stating the request had been put in the "complex track."

12. On January 9, 2023, having received no further communication from Mr. Springs on case number 2023-00085-F, and no communication at all regarding cases 2023-00292-F or 2023-00347-F, MRFF e-mailed Mr. Springs requesting updates. MRFF asked Mr. Springs to confirm receipt of this e-mail but received no reply.

13. There was no further communication from Mr. Springs until nine months later, on September 18, 2023, when he sent a "Status Update" on case number 2023-00085-F, stating: "Your

request has been assigned to the organization(s) responsible for the records responsive to your request. Once received, our office will begin processing your request for release."

14. On October 17, 2023, Mr. Springs sent MRFF "Status Updates" on all three cases.

15. The October 17, 2023 "Status Updates" for case numbers 2023-00085-F and 2023-00292-F both stated: "we are continuing to process and review information pertaining to your request."

16. The "Status Update" for case number 2023-00347-F stated: "Currently, your case is in final review. We estimate responding within the next 10 calendar days at which time will prepare for release."

17. On November 13, 2023, MRFF sent an e-mail to Mr. Springs reminding him that all three requests were over a year overdue.

18. On November 16, 2023, Mr. Springs again sent MRFF "Status Updates" on all three cases.

19. The November 16, 2023 "Status Updates" for case numbers 2023-00085-F and 2023-00292-F both stated: "We are continuing to process your request."

20. The November 16, 2023 "Status Update" for case number 2023-00347-F stated: "Your case is being finalized. We estimate releasing documents by 30 Nov 23." No documents were released.

21. On December 18, 2023, Mr. Springs again sent MRFF "Status Updates" on all three cases.

22. The December 18, 2023 "Status Updates" for case numbers 2023-00085-F and 2023-00292-F both stated: "We are continuing to process your request."

23. The December 18, 2023 "Status Update" for case number 2023-00347-F stated: "Your case is being finalized. We estimate releasing documents by 22 Dec 23." No documents were released.

24. On January 30, 2024, Mr. Springs again sent MRFF "Status Updates" on all three cases.

25. The January 30, 2024 "Status Update" for case numbers 2023-00085-F and 2023-00292-F stated: "We estimate responding to your requests by 23 February 2024."

26. The January 30, 2024 "Status Update" for case number 2023-00347-F stated: "Your case is being finalized. We estimate releasing documents by 9 February 24." No documents were released.

27. MRFF received similar "Status Updates" on all three cases on March 18, 2024, and April 23, 2024. These "Status Updates" were signed "FOIA Requester Service Center" rather than being signed by Mr. Springs, although the e-mail address they came from was the same.

28. The March 18, 2024 "Status Update" for case number 2023-00347-F moved the "estimated completion date" from February 9, 2024, to April 1, 20244.

29. The April 23, 2024 "Status Update" for case number 2023-00347-F moved the "estimated completion date" from April 1, 2024, to May 3, 2024.

30. The "Status Updates" for case numbers 2023-00085-F and 2023-00292-F gave no estimated completion date.

31. No further communications were received from either Mr. Springs or the "FOIA Requester Service Center" after the April 23, 2023," Status Updates," and no responses to any of the three FOIA requests were ever received.

32. Between January 2023 and January 2024, MRFF sent over a dozen e-mails to Mr. Springs. All said as follows: "Please acknowledge receipt of this email." Mr. Springs did not respond to any of these e-mails.

33. All three FOIA requests, submitted to USAFA in October 2022, are now over two and a half years overdue, with no "Status Updates" or any other communications being received from either Mr. Springs or the "FOIA Requester Service Center" after April 23, 2024.

34. To date, USAFA has failed to produce any documents in response to any of the three requests.

## COUNT I
## FAILURE TO TIMELY RESPOND

35. The allegations contained in Paragraphs 1 through 34 are incorporated as if fully set forth herein.

36. FOIA requires that requests receive a response within twenty (20) days. 5 U.S.C. § 552(a)(6)(A)(i).

37. Defendants USAFA and DAF failed to produce any documents or otherwise respond to MRFF's Requests within twenty (20) days, as required by FOIA.

38. All three FOIA requests are now over two and a half years past the statutory deadline.

39. Defendants' failure to respond within the statutory timeframe constitutes a violation of 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT II
## FAILURE TO CONDUCT ADEQUATE SEARCH AND PRODUCE RECORDS

40. The allegations contained in Paragraphs 1 through 39 are incorporated as if fully set forth herein.

41.     FOIA requires agencies to conduct reasonable searches for responsive records and produce all non-exempt records. 5 U.S.C. § 552.

42.     Despite the passage of over two and a half years, Defendants have failed to produce any responsive records or provide any substantive explanation for their inability to locate responsive documents.

43.     Defendants' failure to produce any responsive records shows they have not conducted adequate searches as required by FOIA.

44.     Defendants' failure to conduct adequate searches and produce responsive records violates 5 U.S.C. § 552.

## COUNT III
## IMPROPER WITHHOLDING OF AGENCY RECORDS

45.     The allegations contained in Paragraphs 1 through 44 are incorporated as if fully set forth herein.

46.     Defendants' failure to produce responsive, non-exempt records constitutes an improper withholding in violation of FOIA.

47.     Defendants' improper witholding of responsive, non-exempt records violates FOIA and has caused Plaintiff irreparable harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     Declare that Defendants USAFA and DAF have violated FOIA by (i) failing to conduct an adequate search for responsive records; (ii) wrongfully withholding responsive records; (iii) failing to timely respond to Plaintiff's FOIA requests; (iv) failing to make a proper determination relevant to Plaintiff's FOIA requests; and (vi) by engaging in actions that are arbitrary and capricious; and

  B. Order Defendants to (i) immediately conduct an adequate search for all records responsive to Plaintiff's FOIA requests; (ii) immediately process and release all non-exempt responsive records to Plaintiff; and (iii) prepare an appropriate index for any records withheld in whole or in part; and

  C. Award Plaintiff attorney's fees and costs as permitted by FOIA; and

  D. Grant such other and further relief as this Court deems just and proper.

            Respectfully submitted,

            AKENHEAD LAW FIRM, P.C.

            */s/ Dan A. Akenhead*
            Akenhead Law Firm, P.C.
            6255 San Antonio Drive NE, # 94690
            Albuquerque, NM 87199
            Phone: (505) 234-1497
            Fax: (505) 234-1782